IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | No. 3:15-CR-068-K |
| | ) | |
| DEWAYNE MICHAEL COTTEN | ) | |

**DETENTION ORDER**

Dewayne Michael Cotten (Defendant) is charged by indictment filed February 19, 2015, with possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841 and being a felon in knowing and unlawful possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). He was arrested in this district and made his initial appearance on August 6, 2015. The Government moved to detain him and requested a continuance. The Court granted the motion and ordered Defendant detained temporarily.

On August 10, 2015, Defendant appeared in person and through counsel for a detention hearing. Based on the indictment, there is probable cause to believe that Defendant committed a drug offense carrying a maximum term of ten years or more. A rebuttable presumption arises under 18 U.S.C. § 3142(e) that there is no condition or combination of conditions of release which will reasonably assure Defendant's appearance as required and the safety of the community. The presumption shifts the burden of production, not the burden of persuasion. *See United States v. Hare*, 873 F.2d 796, 798-99 (5th Cir. 1989). The defendant must produce only some evidence tending to rebut the presumption. *Id.* The statutory presumption of dangerousness, even when rebutted, does not disappear, and the Court may still consider Congress' finding that drug offenders pose a special risk of

danger to society in determining whether the Government satisfied its burden of persuasion. *Id.*

After considering the presumption as well as the testimony of the Government's witness, the argument of counsel, the pretrial services report and the factors listed in 18 U.S.C. § 3142(g), this Court finds that the Government has met its burden to establish by a preponderance of the evidence that there is no condition or combination of conditions of release that could be set which would reasonably assure Defendant's appearance at future court hearings. *See United States v. Fortna*, 769 F.2d 243, 250 (5th Cir. 1985) (holding that applicable standard is simple preponderance). The Government's witness testified about law enforcement's efforts to locate Defendant for two months after he was indicted. He had knowledge of the indictment but decided not to surrender. In April 2015, he engaged police in a vehicle and foot chase and successfully eluded the officers, who saw him drop a package that was later found to contain drugs. In May, he advised officers that he was going to surrender by a specific date, but did not. He was located a week later at his parents' residence. His parents had advised him all along to turn himself in.

The Government has also met its burden to establish by a preponderance of the evidence that there is no condition or combination of conditions of release that could be set which would reasonably assure the safety of the community. *See* 18 U.S.C. § 3142 (f)(2) (setting forth standard as clear and convincing evidence). In 2012, Defendant was released from prison after serving more than seven years for four convictions. In May 2014, he was arrested for possession of a controlled substance and released on bond. While awaiting trial for that offense, he was arrested in December 2014 for possession of drugs and a gun. He was again released on bond and was pending trial in both cases when he fled police officers in April 2015 while in possession of drugs.

Given the nature and circumstances of the offense; the weight of the evidence against Defendant; the characteristics of Defendant, including arrests for new similar charges while awaiting trial; and the nature and seriousness of the danger to any person or the community posed by Defendant's release, the Court finds that the Government has presented clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure Defendant's appearance or the safety of the community. Accordingly, the Government's motion for detention is **GRANTED**.

It is therefore ORDERED that Defendant be, and he is hereby, committed to the custody of the Attorney General and United States Marshal for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal, and that Defendant, while being so held, be afforded reasonable opportunity for private consultation with counsel.

It is further ORDERED that, on an Order of a Court of the United States or at the request of the attorney for the Government, the person in charge of the corrections facility in which Defendant is confined shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with court proceedings in the Northern District of Texas.

Signed this 10th day of August, 2015.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE