IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| V. | NO. 3:15-CR-0068-K |
| DEWAYNE MICHAEL COTTEN | |

### GOVERNMENT'S UNOPPOSED MOTION
### FOR PRELIMINARY ORDER OF FORFEITURE

The United States of America ("the government") requests entry of a preliminary order of forfeiture, and in support, states:

### I. BACKGROUND

1. Counts One and Two of the indictment charged Cotten with violations of 21 U.S.C. § 841(a)(1) and (b)(1)(B), and 18 U.S.C. §§ 922(g)(1) and 924 (a)(2) and notified him that upon conviction, the government will seek to forfeit (a) a Heritage, Model Rough Rider, .22 caliber revolver, bearing serial number 155284, and any ammunition contained therein; (b) a Taurus, Model PT738, .380 caliber pistol, bearing serial number 41493D, and any ammunition contained therein; and (c) assorted ammunition and magazines ("the property"). *See* indictment (doc 1).

2. Cotten pled guilty to Counts One and Two and described in a factual resume how the property was involved in the offense. *See* and Factual Resume (doc. 24).

## II. AUTHORITIES

3. The Court's jurisdiction is based on 18 U.S.C. § 924(d), 28 U.S.C. § 2461(c), and Rule 32.2 of the Federal Rules of Criminal Procedure.

4. Pursuant to 18 U.S.C. § 924(d), any firearm or ammunition involved or used in a knowing violation of 18 U.S.C. § 922(g)(1) may be civilly forfeited, and 28 U.S.C. § 2461(c) makes criminal forfeiture possible where a criminal law has been violated and civil forfeiture is authorized in connection with the offense.

## III. ARGUMENT

5. Based upon Cotten's guilty plea and factual resume, the government has established the requisite nexus between the property and the violations charged in the indictment. Accordingly, the property is subject to forfeiture to the government.

6. In accordance with Fed. R. Crim. P. 32.2(b), if there is a finding property is subject to forfeiture, a preliminary order of forfeiture directing the forfeiture of that property shall be promptly entered without regard to any third party's interest in all or part of the forfeited property. A third party's interest is adjudicated in the ancillary proceeding under Rule 32.2(c).

7. Upon entry of the preliminary order of forfeiture, pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(b)(3), the Attorney General will post notice of the forfeiture on an official government website (www.forfeiture.gov) for at least 30 consecutive days which describes the property with reasonable particularity; states the time under 21 U.S.C. § 853(n) when a petition contesting the forfeiture must be filed [no later than 60 days after the first day of publication on an official internet government

**Government's Unopposed Motion for Preliminary Order of Forfeiture - Page 2**

forfeiture site]; and provides contact information for the government attorney to be served with the petition [Lisa J. Dunn, U.S. Attorney's Office, Northern District of Texas, 1100 Commerce Street, Third Floor, Dallas, Texas 75242].  This notice shall also state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property; shall be signed by the petitioner under penalty of perjury; and shall set forth the nature and extent of the petitioner's right, title or interest in the property and any additional facts supporting the petitioner's claim and the relief sought.

8. The government shall send, by means reasonably calculated to reach the person, direct written notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture of the property in ancillary proceedings.

## IV. RELIEF

9. Therefore, the government asks the Court to enter a preliminary order forfeiting the property to the government and ordering the Department of Homeland Security (or its designee) to seize and maintain custody of the property and dispose of it in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n).

        Respectfully submitted,

        JOHN R. PARKER
        United States Attorney


        */s/ Lisa J. Dunn*
        LISA J. DUNN
        Assistant United States Attorney
        Oklahoma Bar No. 16795
        1100 Commerce Street, Third Floor
        Dallas, Texas  75242-1699
        Telephone: 214-659-8600
        Email: lisa.dunn@udoj.gov

## CERTIFICATE OF CONFERENCE

I certify that the defendant and Juan Gabriel Rodriguez, attorney for the defendant, do not oppose forfeiture of the property, as requested.

        */s/ Lisa J. Dunn*
        LISA J. DUNN
        Assistant United States Attorney

## CERTIFICATE OF SERVICE

I certify that on January 13, 2017, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. The electronic case filing system sent a "Notice of Electronic filing" to Juan Gabriel Rodriguez, counsel for Dwayne Michael Cotten, who has consented in writing to accept this Notice as service of this document by electronic means.

        */s/ Lisa J. Dunn*
        LISA J. DUNN
        Assistant United States Attorney