UNITED STATES DISTRICT COURT
for
NORTHERN DISTRICT OF TEXAS

# Request for Modifying the Conditions or Term of Supervision
## With Consent of the Person Under Supervision

*(Probation Form 49, Waiver of Hearing is Attached)*

| | |
|---|---|
| Name of Offender: | Dewayne Michael Cotten     Case No.: 3:15-CR-00068-K(1) |
| Name of Sentencing Judge: | U.S. District Judge Ed Kinkeade |
| Date of Original Sentence: | April 5, 2017 |
| Original Offense: | Ct.1: Possession With Intent to Distribute a Controlled Substance-Methamphetamine, 21 U.S.C. 841(a)(1) and (b)(1)(B), a Class B Felony<br>Ct. 2: Felon in Possession of a Firearm, 21 U.S.C. 922(g)(1) and 924 (a)(2), a Class C Felony |
| Original Sentence: | 72 months custody on each Count 1 and 2, with said terms to run concurrently, 4-year term of supervised release on Count 1, and 3 years on Count 2, with said terms to run concurrently |
| Revocations: | None |
| Type of Supervision: | Supervised Release     Date Supervision Commenced: December 3, 2020 |
| Assistant U.S. Attorney: | Lisa J. Dunn     Defense Attorney: Pro Se/ Juan Rodriguez (Court appointed) |

## Petitioning The Court As Follows:

To add to the conditions of supervision with the consent of the person under supervision as follows:

The participant shall be monitored by the form of location monitoring indicated below for a period of 120 days (post-conviction only) and shall abide by all technology requirements. The participant shall pay all or part of the costs of participation in the location monitoring program.

☐ Location monitoring technology at the discretion of the officer
☐ RF Monitoring
☒ GPS Monitoring
☐ Voice Recognition

This form of location monitoring technology shall be used to monitor the following restriction on the movement of participants in the community as well as other court-imposed conditions of release. (the Court must impose one of these components):

☐ You are restricted to your residence every day from Enter time. a.m. to Enter time. p.m. or as directed by the supervising officer (**curfew**).

☒ You are restricted to your residence at all times, except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as preapproved by the officer (**home detention**).

☐ You are restricted to your residence at all times, except for medical necessities and court appearances or other activities specifically approved by the court **(home incarceration)**.

**I.**

## Violation of Mandatory Conditions No. 1

You must not commit another federal, state, or local crime.

## Violation of Mandatory Condition No. 2

You must not unlawfully possess a controlled substance.

## Nature of Noncompliance

On April 28, 2021, Mr. Cotten violated these conditions of supervised release when he was arrested and charged with the offense of Manufacturing or Delivery of a Controlled Substance Penalty Group 1, 4 Grams or more but less than 200 Grams, in violation of Texas Health and Safety Code § 481.112(d), a 1st degree felony, in Tarrant County, Texas. According to Euless Police report number 2100017458, Officer Paongo, ran a computerized check on a 2002 Gray Chevrolet Malibu bearing Texas license plate number MLG-1967, which showed unconfirmed insurance and expired registration tags for January 2021. Officer Paongo initiated a traffic stop and contacted the driver, Mr. Dewayne Cotten. During the interaction, it was determined Mr. Cotten was also driving on an expired Texas driver's license. Officer Paongo noticed that Mr. Cotten's forehead was sweating profusely and he appeared extremely nervous. Officer Paongo asked Mr. Cotten about his criminal history and if he would allow him to search the vehicle. Mr. Cotten agreed to the search of his vehicle and denied there being any illegal contraband. During the search of the vehicle, a silver digital scale was located underneath the driver's seat that contained a crystal-clear residue. A black magnet box was located underneath the vehicle by the left rear passenger door. Inside the black magnet box the following items were located: a clear plastic sandwich bag containing a clear crystal substance and based on the officers training known to be methamphetamine (total weight 46.7 grams), a small clear plastic baggie containing methamphetamine (total weight 1.3 grams), a small rubber glove containing methamphetamine (total weight 4.1 grams). Mr. Cotten was placed under arrest and charged with Manufacturing or Delivery of a Controlled Substance Penalty Group 1, 4 Grams or more but less than 200 Grams, in violation of Texas Health and Safety Code § 481.112(d), a 1st degree felony, in Tarrant County, Texas. At the property room, the suspected narcotics were tested and were presumptively positive for methamphetamines. Mr. Cotten has been charged for the listed offense in the 432nd Judicial District Court, Tarrant County case number 1683185, and this case has yet to be indicted.

## II.

**Violation of Mandatory Condition No. 3**

You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

**Violation of Special Condition**

The defendant shall participate in a program (inpatient and/or outpatient) approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse. The defendant shall abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $10 per month.

**Nature of Noncompliance**

Mr. Cotten violated these conditions of supervised release by using and possessing methamphetamines, an illegal controlled substance, in or about April 2021. On April 2, 2021, Mr. Cotten submitted a urine specimen to a contract vendor, Homeward Bound, Inc. (HBI), in Dallas, Texas, which tested positive for amphetamines and methamphetamines. On April 22, 2021, a confirmation report from Alere Toxicology Services, Inc. was received confirming Mr. Cotten had consumed methamphetamine. On April 26, 2021, Mr. Cotten admitted verbally to U.S. Probation Officer Alicia Long (USPO Long), that he had relapsed on methamphetamine.

Mr. Cotten violated these conditions of supervised release by using and possessing methamphetamines, an illegal controlled substance, in or about April 2021. On April 13, 2021, Mr. Cotten submitted a urine specimen to a contract vendor, HBI, in Dallas, Texas, which tested positive for amphetamines. On May 6, 2021, a confirmation report from Alere Toxicology Services, Inc. was received confirming Mr. Cotten had consumed methamphetamine.

Mr. Cotten violated these conditions of supervised release by using and possessing methamphetamines, an illegal controlled substance, in or about April 2021. On April 28, 2021, Mr. Cotten admitted verbally and in writing to U.S. Probation Officer Jason Mabry (USPO Mabry), that he last used methamphetamine on April 25, 2021.

Mr. Cotten violated these conditions of supervised release by failing to submit to random drug testing at a contract vendor, HBI, in Dallas, Texas, on December 21, 2020 and April 26, 2021.

## III.

**Violation of Special Condition**

The defendant shall participate in a program (inpatient and/or outpatient) approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing

for the detection of substance use or abuse. The defendant shall abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $10 per month.

## Nature of Noncompliance

Mr. Cotten violated this condition of supervised release by failing to attend outpatient group treatment services at HBI, in Dallas, Texas, on March 9 and 23, 2021, and April 8, 2021. Additionally, Mr. Cotten violated this condition of supervised release by failing to attend his individual substance abuse treatment at HBI, in Dallas, Texas, on March 4 and 23, 2021 and April 30, 2021.

### Cause

On December 3, 2020, Mr. Cotten began a 4-year term of supervised release. Due to Mr. Cotten consuming drugs while serving his custodial sentence in the Bureau of Prisons (BOP) and not completing any substance abuse treatment classes in the BOP, he was enrolled in bi-monthly outpatient substance abuse treatment, one monthly individual session and random urine testing at the start of his term of supervised release. Within a few months of release, Mr. Cotten began relapsing on illegal controlled substances and engaging in criminal activity. It would appear that Mr. Cotten is engaging in the same behavior that led to his federal conviction. At this point, Mr. Cotten has been increased to weekly counseling sessions to address his substance use as well as continuing to submit random urine samples. On May 3, 2021, Supervisory U.S. Probation Officer Niquita Loftis (SUSPO Loftis) and USPO Long had an administrative meeting with Mr. Cotten to discuss his current noncompliance. Mr. Cotten admitted to relapsing in the past month or two and that his focus needs to be adjusted to supervision expectations. It is respectively recommended Mr. Cotten's conditions of supervised by modified to include location monitoring for a period of 120 days in order to monitor his whereabouts in the community and ensure he is following through with his Court ordered conditions. Mr. Cotten has voluntarily agreed to the modification as evidenced by the attached waiver of hearing form. The U.S. Probation Office will continue to monitor Mr. Cotten's compliance with Court ordered directives and future violations will be reported to the Court accordingly.

I declare under penalty of perjury that
the foregoing is true and correct.

Executed on May 6, 2021
Respectfully submitted,                                Approved,


s/Alicia Long                                          s/Niquita Loftis
U.S. Probation Officer                                 Supervising U.S. Probation Officer
Arlington                                              Phone:  817-505-4991
Phone:  817-505-1097


**Order of the Court:**

☐   No Action

☐   The extension of supervision as noted above.

☒   To add to the conditions of supervision.

The participant shall be monitored by the form of location monitoring indicated below for a period of 120 days (post-conviction only) and shall abide by all technology requirements. The participant shall pay all or part of the costs of participation in the location monitoring program.

☐ Location monitoring technology at the discretion of the officer
☐ RF Monitoring
☒ GPS Monitoring
☐ Voice Recognition

This form of location monitoring technology shall be used to monitor the following restriction on the movement of participants in the community as well as other court-imposed conditions of release. (the Court must impose one of these components):

☐ You are restricted to your residence every day from Enter time. a.m. to Enter time. p.m. or as directed by the supervising officer **(curfew)**.

☒ You are restricted to your residence at all times, except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court

appearances; court-ordered obligations; or other activities as preapproved by the officer **(home detention)**.

☐ You are restricted to your residence at all times, except for medical necessities and court appearances or other activities specifically approved by the court **(home incarceration)**.

☐ Other or Additional:

☐ File under seal until further order of the Court.

*Ed Kinkeade*
Ed Kinkeade
U.S. District Judge

May 12, 2021
Date

AL

*Attachment

UNITED STATES DISTRICT COURT
for
NORTHERN DISTRICT OF TEXAS

## Waiver of Hearing to Modify Conditions of Supervised Release or Extend Term of Supervision

United States of America

v.                                                          Case No.:  3:15-CR-00068-K(01)

Dewayne Michael Cotten

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Supervised Release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Supervised Release or to the proposed extension of my term of supervision:

The participant shall be monitored by the form of location monitoring indicated below for a period of 120 days (post-conviction only) and shall abide by all technology requirements. The participant shall pay all or part of the costs of participation in the location monitoring program.

☐ Location monitoring technology at the discretion of the officer
☐ RF Monitoring
☒ GPS Monitoring
☐ Voice Recognition

This form of location monitoring technology shall be used to monitor the following restriction on the movement of participants in the community as well as other court-imposed conditions of release. (the Court must impose one of these components):

☐ You are restricted to your residence every day from Enter time. a.m. to Enter time. p.m. or as directed by the supervising officer (**curfew**).

☒ You are restricted to your residence at all times, except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities as preapproved by the officer (**home detention**).

☐ You are restricted to your residence at all times, except for medical necessities and court appearances or other activities specifically approved by the court (**home incarceration**).

Witness: _____    Signed: _____
Alicia Long                       Dewayne Michael Cotten
U.S. Probation Officer            Supervised Releasee

Date: May 4, 2021