UNITED STATES DISTRICT COURT
for
NORTHERN DISTRICT OF TEXAS

# Report on Person Under Supervision - No Court Action Recommended

| | |
|---|---|
| Name of Offender: | Dewayne Michael Cotten  Case No.: 3:15-CR-00068-K(1) |
| Name of Sentencing Judge: | U.S. District Judge Ed Kinkeade |
| Date of Original Sentence: | April 5, 2017 |
| Original Offense: | Ct.1: Possession With Intent to Distribute a Controlled Substance-Methamphetamine, 21 U.S.C. 841(a)(1) and (b)(1)(B), a Class B Felony  Ct. 2: Felon in Possession of a Firearm, 21 U.S.C. 922(g)(1) and 924 (a)(2), a Class C Felony |
| Original Sentence: | 72 months custody on each of Counts 1 and 2, with said terms to run concurrently, 4-year term of supervised release on Count 1, and 3 years on Count 2, with said terms to run concurrently |
| Revocations: | None |
| Type of Supervision: | Supervised Release    Date Supervision Commenced: December 3, 2020 |
| Assistant U.S. Attorney: | Lisa J. Dunn    Defense Attorney: Pro Se/ Juan Rodriguez (Court appointed) |

## Notification To The Court For Cause As Follows:

The probation officer believes that the person under supervision has violated the following condition(s) which require(s) official notification, although no Court action is being recommended at this time.

I.

### Violation of Mandatory Condition No. 3

You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

### Violation of Special Condition

The defendant shall participate in a program (inpatient and/or outpatient) approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse. The defendant shall abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $10 per month.

### Nature of Noncompliance

Mr. Cotten violated these conditions of supervised release by using and possessing amphetamines and methamphetamines, illegal controlled substances, in or about May 2021. On May 4, 2021, Mr. Cotten submitted a urine specimen to personnel at the U.S. Probation Office, in Arlington, Texas, which tested

positive for amphetamines and methamphetamines. On June 5, 2021, a confirmation report from Alere Toxicology Services, Inc. was received confirming Mr. Cotten had consumed methamphetamine.

Mr. Cotten violated these conditions of supervised release by using and possessing amphetamines and methamphetamines, illegal controlled substances, in or about May 2021. On May 10, 2021, Mr. Cotten submitted a urine specimen to personnel at the U.S. Probation Office, in Arlington, Texas, which tested positive for amphetamines and methamphetamines. On June 1, 2021, a confirmation report from Alere Toxicology Services, Inc. was received confirming Mr. Cotten had consumed methamphetamine.

Mr. Cotten violated these conditions of supervised release by using and possessing methamphetamines, an illegal controlled substance, in or about June 2021. On June 14, 2021, Mr. Cotten submitted a urine specimen to a contract vendor, Homeward Bound, Inc. (HBI), in Dallas, Texas, which tested positive for amphetamines and methamphetamines. On July 6, 2021, a confirmation report from Alere Toxicology Services, Inc. was received confirming Mr. Cotten had consumed methamphetamine. On July 8, 2021, Mr. Cotten admitted verbally and in writing to U.S. Probation Officer Alicia Long (USPO Long), that he last consumed on June 11, 2021.

Mr. Cotten violated these conditions of supervised release by using and possessing methamphetamines, an illegal controlled substance, in or about June 2021. On June 23, 2021, Mr. Cotten submitted a urine specimen to a contract vendor, HBI, in Dallas, Texas, which tested positive for amphetamines and methamphetamines. On July 14, 2021, a confirmation report from Alere Toxicology Services, Inc. was received confirming Mr. Cotten had consumed methamphetamine.

Mr. Cotten violated these conditions of supervised release by using and possessing methamphetamines, an illegal controlled substance, in or about July 2021. On July 6, 2021, Mr. Cotten submitted a urine specimen to a contract vendor, HBI, in Dallas, Texas, which tested positive for amphetamines and methamphetamines. On July 8, 2021, Mr. Cotten admitted verbally and in writing to USPO Long, that he had last consumed methamphetamine on July 6, 2021.

On May 12, 2021, Your Honor was made aware of Mr. Cotten's' violations of supervised release by committing new criminal law violations, drug use, missing outpatient substance abuse treatment, and missing random urine collections. At that time your Honor agreed with the recommendation of the U.S. Probation Officer and modified Mr. Cotten's conditions to include 120 days of GPS monitoring. Since that time there has been additional violation that have occurred, which has been listed above. Due to Mr. Cotten's continued drug use while on home detention, he was referred to Salvation Army to complete residential drug treatment. On July 9, 2021 Mr. Cotten entered residential drug treatment at Salvation Army.

As part of drug testing, Mr. Cotten has tested positive for illegal controlled substances more than three times over the course of one year. Pursuant to 18 U.S.C. § 3583(g)(4), Mr. Cotten is now subject to mandatory revocation and a sentence of imprisonment. However, 18 U.S.C. § 3583(d) allows the Court to consider "whether the availability of appropriated substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule of section 3583(g) when considering action against a defendant who fails a drug test."

In this case, Mr. Cotten has been amenable to address his addiction through residential drug treatment. In speaking with Salvation Army staff, Mr. Cotten seems motivated and has been engaging in group discussion during residential treatment. Based on these factors, it's respectfully recommended Mr.

Cotten be excepted from mandatory revocation and be allowed to continue in residential treatment. The U.S. Probation Officer will continue monitoring Mr. Cotten's compliance with court ordered directives and future violations will be reported to the Court accordingly.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 21, 2021
Respectfully submitted,

Approved,

s/Alicia Long
U.S. Probation Officer
Arlington
Phone: 817-505-1097

s/Niquita Loftis
Supervising U.S. Probation Officer
Phone: 817-505-4991

## Order of the Court:

- ☑ Agrees with the recommendation of the probation officer.
- ☐ Orders the probation officer to submit a request for modifying the conditions or term of supervision.
- ☐ Orders the probation officer to submit a request for warrant or summons.
- ☐ Other or Additional:
- ☐ File under seal until further order of the Court.

_____
The Honorable Ed Kinkeade
U.S. District Judge

7/21/2021
Date

AL