**UNITED STATES DISTRICT COURT**
for
**NORTHERN DISTRICT OF TEXAS**

FILED
APR 27 2022
CLERK, U.S. DISTRICT COURT
By_____ Deputy

## Petition for Person Under Supervision

| | | | |
|---|---|---|---|
| Person Under Supervision: | Dewayne Michael Cotton | Case No.: | 3:15-CR-00068-K(1) |
| Name of Sentencing Judge: | U.S. District Judge Ed Kinkeade | | |
| Date of Original Sentence: | April 5, 2017 | | |
| Original Offense: | Count 1: Possession With Intent to Distribute a Controlled Substance, 21 U.S.C. § 841(a)(1) & (b)(1)(B), a Class B felony. Count 2: Felon in Possession of a Firearm, 18 U.S.C. §§ 922(g)(1) & 924(a)(2), a Class C felony. | | |
| Original Sentence: | 72 months custody on each Counts 1 and 2 to run concurrently, 4-year term of supervised release on Count 1, and 3 years on Count 2, to run concurrently | | |
| Revocations: | N/A | | |
| Detainers: | N/A | | |
| U.S. Marshals No.: | 50025-177 | | |
| Type of Supervision: | Supervised Release | Date Supervision Commenced: | December 3, 2020 |
| Assistant U.S. Attorney: | Lisa J. Dunn | Defense Attorney: | Pro Se/Juan Rodriguez (Court appointed) |

### Petitioning the Court for Action for Cause as Follows:

To issue a violator's warrant.

The probation officer believes the person under supervision violated the following conditions:

**Previous Court Notifications**

On July 21, 2021, the U.S. Probation Office submitted a Report on Person Under Supervision - No Court Action Recommended, due to Dewayne Michael Cotten testing positive for illegal controlled substances more than three times over the course of one year. The U.S. Probation Office recommended Mr. Cotten be excepted from mandatory revocation and be allowed to participate in residential drug treatment. On July 21, 2021, Your Honor agreed with the recommendation of the U.S. Probation Office and Mr. Cotten was continued on supervision.

On May 6, 2021, the U.S. Probation Office submitted a Request for Modifying the Conditions or Term of Supervision With Consent of the Person Under Supervision, requesting to add a location monitoring (GPS) condition. This was following Mr. Cotten's arrest by the Euless Police Department for Manufacturing or Delivery of a Controlled Substance Penalty Group 1, 4 Grams or more but less than 200 Grams, in violation of Texas Health and Safety Code § 481.112(d), a 1st degree felony. This case remains pending. Furthermore, Mr. Cotten tested positive for methamphetamines, and failed to attend outpatient drug treatment at Homeward Bound, Inc. (HBI) in Dallas, Texas. On May 12, 2021, Your Honor agreed with the recommendation of the U.S. Probation Office and the condition was added.

## Current Violations

I.

## Violation of Mandatory Condition No. 2

You must not unlawfully possess a controlled substance.

## Violation of Mandatory Condition No. 3

You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

## Nature of Noncompliance

Dewayne Michael Cotten violated these conditions of supervised release by using and possessing methamphetamine, an illegal controlled substance in or about April 2022. On April 20, 2022, Mr. Cotten verbally admitted to USPO Vaughan to consuming methamphetamine "every other day" since the beginning of April 2022. Mr. Cotten stated he last consumed methamphetamine on April 19, 2022.

Dewayne Michael Cotten violated these conditions of supervised release by using and possessing methamphetamine, an illegal controlled substance in or about April 2022. On April 7, 2022, Mr. Cotten submitted a urine sample at Phoenix Associates Counseling Services (PACS) in Dallas, Texas, which returned positive for amphetamines. This sample was sent to Alere Toxicology (Alere) for confirmation and the results are currently pending.

Dewayne Michael Cotten violated these conditions of supervised release by using and possessing methamphetamine, an illegal controlled substance in or about April 2022. On April 4, 2022, Mr. Cotten submitted a urine sample at PACS in Dallas, Texas, which returned positive for amphetamines. This sample was sent to Alere for confirmation and the results are currently pending.

Dewayne Michael Cotten violated these conditions of supervised release by using and possessing methamphetamine, an illegal controlled substance in or about March 2022. On March 14, 2022, Mr. Cotten submitted a urine sample at PACS in Dallas, Texas, which returned positive for amphetamines. On April 4, 2022, Mr. Cotten admitted, verbally and in writing to USPO Vaughan to consuming methamphetamine on March 31 and March 11, 2022.

Dewayne Michael Cotten violated these conditions of supervised release by using and possessing methamphetamine, an illegal controlled substance in or about November 2021. On November 22, 2021, Mr. Cotten submitted a urine sample at PACS in Dallas, Texas, which returned positive for amphetamines. On December 11, 2021, a confirmation report Alere was received confirming Mr. Cotten had consumed methamphetamine.

Dewayne Michael Cotten violated these conditions of supervised release by using and possessing methamphetamine, an illegal controlled substance, in or about July 2021. On July 6, 2021, Mr. Cotten submitted a urine specimen at Homeward Bound, Inc. (HBI) in Dallas, Texas, which tested positive for

amphetamines. On July 8, 2021, Mr. Cotten admitted, verbally and in writing to U.S. Probation Officer Alicia Long (USPO Long) he had last consumed methamphetamine on July 6, 2021

Dewayne Michael Cotten violated these conditions of supervised release by using and possessing methamphetamine, an illegal controlled substance, in or about June 2021. On June 23, 2021, Mr. Cotten submitted a urine specimen at HBI, in Dallas, Texas, which tested positive for amphetamines. On July 14, 2021, a confirmation report from Alere was received confirming Mr. Cotten had consumed methamphetamine.

Dewayne Michael Cotten violated these conditions of supervised release by using and possessing methamphetamine, an illegal controlled substance, in or about June 2021. On June 14, 2021, Mr. Cotten submitted a urine specimen at HBI, in Dallas, Texas, which tested positive for amphetamines. On July 6, 2021, a confirmation report from Alere was received confirming Mr. Cotten had consumed methamphetamine. On July 8, 2021, Mr. Cotten admitted, verbally and in writing to USPO Long he consumed methamphetamine on June 11, 2021.

Dewayne Michael Cotten violated these conditions of supervised release by using and possessing methamphetamine, an illegal controlled substance, in or about May 2021. On May 10, 2021, Mr. Cotten submitted a urine specimen to personnel at the U.S. Probation Office, in Arlington, Texas, which tested positive for amphetamines. On June 1, 2021, a confirmation report from Alere was received confirming Mr. Cotten had consumed methamphetamine.

Dewayne Michael Cotten violated these conditions of supervised release by using and possessing methamphetamine, an illegal controlled substance, in or about May 2021. On May 4, 2021, Mr. Cotten submitted a urine specimen to personnel at the U.S. Probation Office, in Arlington, Texas, which tested positive for amphetamines. On June 5, 2021, a confirmation report from Alere was received confirming Mr. Cotten had consumed methamphetamine.

## II.

### Violation of Special Condition

The defendant shall participate in a program (inpatient and/or outpatient) approved by the U.S. Probation Office for treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse. The defendant shall abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $10 per month.

### Nature of Noncompliance

Dewayne Michael Cotten violated this condition of supervised release by failing to submit a drug test at PACS in Dallas, Texas, on April 6, January 18, January 14, 2022, and December 21, 2021.

Dewayne Michael Cotten violated this condition of supervised release by failing to attend substance abuse treatment at PACS in Dallas, Texas, on March 21, March 7, February 21, February 7, 2022, and October 11, 2021.

On April 21, 2022, Mr. Cotten was unsuccessfully discharged from treatment at PACS in Dallas, Texas.

## Personal History

On December 3, 2020, Dewayne Michael Cotten began his term of supervised release in the Northern District of Texas, Dallas, Division. Initially, Mr. Cotten was referred to HBI for random drug testing and supportive outpatient treatment (SOP). On April 27, 2021, Mr. Cotten's treatment plan was increased to address his substance abuse needs. On July 9, 2021, Mr. Cotten was referred to The Salvation Army in Dallas, Texas, for residential drug treatment due to his continued use of illegal substances. Mr. Cotten was successfully discharged on August 7, 2021 and was referred to the intensive outpatient program (IOP) at PACS for aftercare. on September 22, 2021, Mr. Cotten transitioned to the SOP. On April 11, 2022, Mr. Cotten's treatment plan was increased again due to his continued use of illegal substances. However, on April 21, 2022, Mr. Cotten was unsuccessfully discharged from treatment due to his ongoing drug use and treatment noncompliance. Furthermore, Mr. Cotten remains on bond for the pending felony Manufacturing or Delivery of a Controlled Substance offense which was previously reported to the Court on May 6, 2021.

According to the Post-Conviction Risk Assessment (PCRA), Mr. Cotten is classified as moderate risk for supervision failure with dynamic risk factors of cognitions, social networks and alcohol/drugs.

## Statutory Provisions — Protect Act Supervised Release

| | |
|---|---|
| **Statutory Maximum Custody:** | Count 1: 3 years. 18 U.S.C. § 3583(e)(3) <br> Count 2: 2 years. 18 U.S.C. § 3583(e)(3) |
| **Mandatory Revocation Statutes:** | Mandatory revocation for possession of a controlled substance, more than 3 positive drug tests over the course of 1 year and for refusal to comply with drug testing. Sentence to a term of imprisonment. 18 U.S.C. § 3583(g)(1), (g)(3) & (g)(4) |
| **Fine:** | None |
| **Statutory Maximum for Reimposition of Supervised Release:** | Count 1: Life, minus revocation sentence. 18 U.S.C. § 3583(h). <br> Count 2: 3 years, minus revocation sentence. 18 U.S.C. § 3583(h). |

According to U.S. v. Jackson, 559 F.3d 368 (5th Cir. 2009), "when an initial term of supervised release is revoked, the district court may impose a new term of supervised release as part of a revocation sentence. The maximum length of this new term is calculated as follows: 'The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.'" Jackson also notes that a district court may impose any term of supervised release that is equal to or greater than the mandatory minimum, less any term of imprisonment that was imposed upon revocation of supervised release.

## Chapter 7 Violation Computations

| | | |
|---|---|---|
| **Violation Grade:** | C | USSG § 7B101(a)(3), p.s. |
| **Criminal History Category:** | V | USSG §7B1.4(a), p.s. |

| | | | |
|---|---|---|---|
| **Imprisonment Range:** | 7-13 months | | USSG §7B1.4(a), p.s. |
| **Fine:** | None | | USSG §7B1.3(d), p.s. |

Pursuant to U.S. v. Miller, 634 F.3d 841 (5th Cir. 2011), the Court may not consider the factors listed in 18 U.S.C. § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when modifying or revoking a term of supervised release.

In U.S. v. Tapia, 131 S. Ct. 2382 (2011), the Supreme Court held that Section 3582(a) does not permit a sentencing court to impose or lengthen a prison term in order to foster a defendant's rehabilitation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 26, 2022
Respectfully submitted,

_____
Bevan Vaughan
U.S. Probation Officer
Arlington
Phone: 214-288-0490

Approved,

_____
Adam Morton
Supervising U.S. Probation Officer
Phone: 817-505-0998

---

**Order of the Court:**

☐ No action.

☒ The Issuance of a Warrant. Petition and warrant sealed and not to be distributed to counsel of record until arrest effectuated.

☐ The Issuance of a Summons

☐ Other or Additional: _____
_____

☐ File under seal until further order of the Court.

_____
The Honorable Ed Kinkeade
U.S. District Judge

4/27/2022
_____
Date