UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

*U.S. DISTRICT COURT*
*NORTHERN DISTRICT OF TEXAS*
**FILED**
AUG - 1 2022
CLERK, U.S. DISTRICT COURT
By_____ Deputy

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | § Case No. 3:15-cr-00068-K |
| | § |
| DEWAYNE MICHAEL COTTEN (1) | § |

## WAIVER OF DETENTION HEARING

I understand that I have been charged in federal court with:

1) ___ an indictment that accuses me of committing an offense or offenses, or

2) ___ a criminal complaint that accuses me of committing an offense or offenses, or

3) _X_ a petition that accuses me of violating a term or terms of my supervised release, or

4) ___ a petition that accuses me of violating a term or terms of my pretrial release.

I understand the government made a "detention motion" to the U.S. Magistrate Judge asking that I be kept in custody. The U.S. Magistrate judge explained that I have a right to a "detention hearing" to fight the government's motion. I wish to waive my right to a detention hearing at this time. I know that waiving my right to a detention hearing will cause the U.S. Magistrate Judge to grant the government's motion for detention and order that I be kept in custody. However, I reserve my right to ask for a detention hearing later:

1) _X_ pursuant to the Bail Reform Act, including 18 U.S.C. § 3142(f)(2)[1] and (i)[2]; and/or

2) ___ if I am released from state custody.

DATED this ___1st___ day of ___August___, 2022

_____              _____
Defendant                              Attorney for Defendant

---

[1] *See United States v. Stanford*, 367 F. App'x 507, 510 (5th Cir. 2010) (unpublished) ("We have interpreted this standard as asking whether any 'new' information was presented.")

[2] *See United States v. Parker*, 848 F.2d 61, 63 (5th Cir. 1988) ("a judicial officer may subsequently order the temporary release of the detainee to the extent the judicial officer determines such release to be necessary for preparation of the person's defense.")